# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 4, 2018

155895-6

KAREN HRAPKIEWICZ,
   Plaintiff-Appellee,

v

WAYNE STATE UNIVERSITY
BOARD OF GOVERNORS,
   Defendant-Appellant.

_____/

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

SC: 155895-6
COA: 328215; 330189
Wayne CC: 11-015709-CL

On order of the Court, the application for leave to appeal the March 9, 2017 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, C.J. (*dissenting*).

I respectfully dissent. I would grant leave to appeal to further consider defendant's argument concerning the proper causation standard for discrimination cases under the Civil Rights Act (CRA), MCL 37.2101 *et seq*.

MCL 37.2202(1)(a) of the CRA prohibits an employer from discriminating "against an individual . . . *because of* religion, race, color, national origin, age, sex, height, weight, or marital status." (Emphasis added.) This Court has been inconsistent in its interpretations of this standard. For instance, in *Hazle v Ford Motor Co*, 464 Mich 456 (2001), we explained that under MCL 37.2202(1)(a), "the ultimate factual inquiry made by the jury" is "whether consideration of a protected characteristic was *a motivating factor*, namely, whether it made a difference in the contested employment decision." *Id*. at 466 (emphasis added). However, in *Hecht v Nat'l Heritage Academies, Inc*, 499 Mich 586 (2016), we explained that "we have interpreted the CRA to require ' "but for causation" or "causation in fact." ' " *Id*. at 606, quoting *Matras v Amoco Oil Co*, 424 Mich 675, 682 (1986). These interpretations of the CRA are inconsistent, as *Hecht* imposes a considerably higher causation standard than *Hazle*.

Defendant here sets forth the argument that the "because of" language found in MCL 37.2202(1)(a) requires the higher standard of "but for causation" identified in cases such as *Hecht*, not the lower standard of merely requiring "a motivating factor" identified in cases such as *Hazle*. In analogous contexts, the United States Supreme Court has recognized that Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq*.,

"explicitly authoriz[es] discrimination claims in which an improper consideration was 'a motivating factor' for an adverse employment decision," while the Age Discrimination in Employment Act (ADEA), 29 USC 621 *et seq.*, "does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor." *Gross v FBL Fin Servs, Inc*, 557 US 167, 174 (2009). That Court explained that because the ADEA employs the words "because of," "[t]o establish a disparate-treatment claim under the plain language of the ADEA . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Id*. at 176. Put simply, the Supreme Court recognized that there is a difference between the "a motivating factor" causation standard and the "but-for" causation standard, and because the ADEA requires "because of" causation, it imposes the "but-for" causation standard. *Gross* is noteworthy because MCL 37.2202(1)(a), as with the ADEA, employs the words "because of," not "a motivating factor."

Furthermore, the Court of Appeals for the Sixth Circuit has also recently observed that Michigan caselaw interpreting the "because of" causation standard under MCL 37.2202(1)(a), at least in age-discrimination cases, is inconsistent with Supreme Court caselaw by imposing the lower "motivating factor" standard of causation:

> The ADEA prohibits an employer from discharging an employee "because of such individual's age." Similarly, the [CRA] provides that an employer shall not discharge an employee "because of" age. Given this similar language, we have traditionally analyzed ADEA and [CRA] claims using the same causation standard. More recently, however, the Supreme Court has clarified that an ADEA plaintiff must demonstrate that his "age was the 'but-for' cause of the challenged adverse employment action." Michigan courts, on the other hand, have held that [a CRA] plaintiff can prove discrimination if his age was merely a "motivating," or "determining factor in the employer's decision." [*Lewis v Detroit*, 702 Fed App'x 274, 278 (CA 6, 2017) (citations omitted).]

I recognize, of course, that in cases concerning interpretation of the CRA, we are not bound to follow federal caselaw interpreting a federal antidiscrimination statute, and that is as it should be. *Haynie v Dep't of State Police*, 468 Mich 302, 319 (2003) ("[W]e disagree with the dissent's assertion that this Court is somehow bound to interpret Michigan's Civil Rights Act in accordance with the federal courts' interpretation of the federal civil rights act . . . . [T]he Michigan Legislature was clearly not bound by the federal civil rights act."). Nonetheless, a "federal precedent may often be useful as guidance in this Court's interpretation of laws with federal analogues . . . ." *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263, 283 (2005). Given that the United States Supreme Court has interpreted the "because of" language in the ADEA as imposing "but-for" causation, *Gross*, 557 US at 176, I would grant leave to appeal to

address whether the "because of" language in MCL 37.2202(1)(a) should be interpreted in a similar manner.

ZAHRA, J., joins the statement of MARKMAN, C.J.

BERNSTEIN, J., did not participate.

WILDER, J., did not participate because he was on the Court of Appeals panel.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 4, 2018



Clerk

a0501